## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1. This Settlement Agreement and General Release ("Agreement") is entered into by and between VINCENT THEDE, FREDDIE MINCEY, WILLIAM HURST, BARRY CLINE, VIRGIL BILL, and JASON HINKLE ("Plaintiffs"), and B&D WATERBLASTING COMPANY, INC., and DONALD HESS, JR. ("Defendants"), on its own behalf and on behalf of its past and present parents, subsidiaries and affiliates, and its past and present predecessors, successors, assigns, representatives, officers, directors, agents and employees.

2. <u>Non-Admission.</u> This Agreement does not constitute an admission by Defendants of any violation of any law or statute and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3. The Plaintiffs filed *VINCENT THEDE, FREDDIE MINCEY, WILLIAM HURST, BARRY CLINE and VIRGIL BILL v. B&D WATERBLASTING COMPANY, INC. and DONALD HESS, JR.*, Case No: 6:15-cv-33-Orl-28GJK in the Middle District of Florida, Orlando Division, under the Fair Labor Standards Act ("FLSA"). Plaintiffs and Defendants desire fully and finally to resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Plaintiffs against Defendants relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Plaintiffs represent that no other charges, actions or claims are pending on Plaintiffs' behalf, other than those set forth in this paragraph.

4. <u>Payment to Plaintiffs.</u> In consideration for signing this Settlement Agreement and General Release and the fulfillment of the promises herein, Defendants agrees to pay Plaintiffs the total sum of FORTY-EIGHT THOUSAND FOUR HUNDRED AND FIFTY-SEVEN DOLLARS AND THIRTY CENTS ($48,457.30). This payment is inclusive of all claims for attorneys' fees and expenses. The payment will be made within ten (10) business days after Defendants receive the original executed Agreement by Plaintiffs, the Court dismisses the lawsuit, and receipt of W-9's executed by Plaintiffs and LaBar & Adams, P.A., as follows:

    (A)    Plaintiff Thede

            i.    <u>Payment to Plaintiff Thede for Claims for Lost Wages.</u> Defendants agree to pay Plaintiff Thede, as payment for claims for lost wages, the sum of ONE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($1,500.00), less all applicable withholding taxes and payroll deductions.

VJ

    ii    <u>Payment to Plaintiff Thede for Claims of Liquidated Damages</u>.
Defendants agree to pay Plaintiff Thede, as payment for liquidated damages, the sum of ONE THOUSAND FIVE HUNDRED DOLLARS AND NO CENTS ($1,500.00). Plaintiff Thede will be issued a 1099 for this amount.

(B) Plaintiff Mincey

    i.    <u>Payment to Plaintiff Mincey for Claims for Lost Wages</u>.
Defendants agree to pay Plaintiff Mincey, as payment for claims for lost wages, the sum of FOUR THOUSAND SIX HUNDRED AND EIGHTY-NINE DOLLARS AND FIFTY-ONE CENTS ($4,689.51), less all applicable withholding taxes and payroll deductions.

    ii    <u>Payment to Plaintiff Mincey for Claims of Liquidated Damages</u>.
Defendants agrees to pay Plaintiff Mincey, as payment for liquidated damages, the sum of FOUR THOUSAND SIX HUNDRED AND EIGHTY-NINE DOLLARS AND FIFTY-ONE CENTS ($4,689.51). Plaintiff Mincey will be issued a 1099 for this amount.

(C) Plaintiff Hurst

    i.    <u>Payment to Plaintiff Hurst for Claims for Lost Wages</u>.
Defendants agree to pay Plaintiff Hurst, as payment for claims for lost wages, the sum of ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00), less all applicable withholding taxes and payroll deductions.

    ii    <u>Payment to Plaintiff Hurst for Claims of Liquidated Damages</u>.
Defendants agree to pay Plaintiff Hurst, as payment for liquidated damages, the sum of ONE THOUSAND DOLLARS AND NO CENTS ($1,000.00). Plaintiff Hurst will be issued a 1099 for this amount.

(D) Plaintiff Cline

    i.    <u>Payment to Plaintiff Cline for Claims for Lost Wages</u>.
Defendants agree to pay Plaintiff Cline, as payment for claims for lost wages, the sum of ONE THOUSAND THREE HUNDRED AND FIFTY DOLLARS AND NO CENTS ($1,350.00), less all applicable withholding taxes and payroll deductions.

  ii <u>Payment to Plaintiff Cline for Claims of Liquidated Damages</u>.
Defendants agree to pay Plaintiff Cline, as payment for liquidated damages, the sum of ONE THOUSAND THREE HUNDRED AND FIFTY DOLLARS AND NO CENTS ($1,350.00). Plaintiff Cline will be issued a 1099 for this amount.

(E) Plaintiff Bill

  i. <u>Payment to Plaintiff Bill for Claims for Lost Wages</u>.
Defendants agree to pay Plaintiff Bill, as payment for claims for lost wages, the sum of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00), less all applicable withholding taxes and payroll deductions.

  ii <u>Payment to Plaintiff Bill for Claims of Liquidated Damages</u>.
Defendants agree to pay Plaintiff Bill, as payment for liquidated damages, the sum of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00). Plaintiff Bill will be issued a 1099 for this amount.

(F) Plaintiff Hinkle

  i. <u>Payment to Plaintiff Hinkle for Claims for Lost Wages</u>.
Defendants agree to pay Plaintiff Hinkle, as payment for claims for lost wages, the sum of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00), less all applicable withholding taxes and payroll deductions.

  ii <u>Payment to Plaintiff Hinkle for Claims of Liquidated Damages</u>.
Defendants agree to pay Plaintiff Hinkle, as payment for liquidated damages, the sum of FOUR THOUSAND DOLLARS AND NO CENTS ($4,000.00). Plaintiff Hinkle will be issued a 1099 for this amount.

(G) <u>Payment to Plaintiffs made payable to Plaintiffs' Attorney</u>.
Defendants agree to pay Plaintiffs the sum of FIFTEEN THOUSAND THREE HUNDRED AND SEVENTY-EIGHT DOLLARS AND TWENTY-EIGHT CENTS ($15,378.28) in a check made payable to Plaintiffs' attorneys, LaBar & Adams, P.A. LaBar & Adams, P.A. will be issued a 1099 for this amount. **The foregoing attorney's fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Furthermore, Plaintiffs and Defendants specifically**

VJ

**are aware of, and agree with, the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel for representing Plaintiffs' interests in this matter.**

Plaintiffs acknowledge that the payment of the monies by Defendants identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to them at the time of execution of this Agreement and that they sought in this action, and agrees not to pursue any additional claim based on alleged overtime or unpaid wages. Plaintiffs agree that upon receipt of the settlement funds described in Paragraph 4 above, their claims raised in this action will be moot.

5. <u>Withdrawal of Claims</u>. The parties will jointly file a Motion for Approval of Settlement with each party to bear his or its own fees other than what is described within this Agreement. Plaintiffs also agree to withdraw any other claims, charges, or complaints that they have initiated against Defendants in any forum. Further, Plaintiffs agree that through this agreement, they waives any right or entitlement to any compensation or recovery through any class or collective action that has been or may be filed against Defendants regarding the payment of wages, and that if they receives notice of any such action, they will either opt-out of same if a class action, or decline to opt-in if a collective action. If the Court denies the parties' Motion for Approval of Settlement with Prejudice, the parties agree to move for in camera inspection of this Agreement.

6. <u>Mutual Waiver and Release of Claims</u>.

(a) In exchange for mutual releases as consideration, and acknowledging the exclusion contained in subparagraph (b), Plaintiffs, on their own behalf, Plaintiffs' descendants, dependents, heirs, executors, administrators, assigns, and successors, and fully, finally and forever release and discharge Defendants, their past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, agents, and employees ("Releasees"), from any and all claims and rights of any kind that Plaintiffs may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, arising out of or in any way connected with Plaintiffs' employment with Defendants as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, 42 U.S.C. § 1981, the Equal Pay Act, the Americans With Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination or retaliation, any other federal, state or local fair employment or whistle-blower statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Plaintiffs represent that they know of no claim that Plaintiffs have that has not been released by this paragraph.

(b) The Parties specifically acknowledge and agree that excluded from the release in subparagraph (a) and this entire agreement are any and all claims or causes of action for workers' compensation benefits or any workplace injury belonging to Plaintiff, Mr. Jason Hinkle.

(c) In consideration of the mutual covenants, promises, agreements, and valuable consideration set out in this Agreement and with the exception of the duties, obligations and undertaking by Defendants in this Agreement, Defendants, B & D Waterblasting Company, Inc. d/b/a B & D Enterprise Co., Inc. its past and present parents, subsidiaries and affiliates, and its respective past and present predecessors, successors, assigns, representatives, officers, directors, agents, and employees and Donald Hess, Jr., do hereby completely release and forever discharge Plaintiffs of and from any and all acts, actions, claims, causes and/or causes of actions, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, past or present, known or unknown, whether or not damages have accrued or are ascertainable, in law or equity, which Defendants had or now have against Plaintiffs for, upon or by reason of any matter, cause or thing whatsoever, including but not limited to, all matters related to Plaintiffs' employment relationship with Defendants. This release on the part of Defendants shall be a fully binding and complete settlement between all Parties and their respective assigns and successors. It is specifically acknowledged that this release includes Defendants' alleged claim against Mr. Virgil Bill for breach of contract in the amount of $2,570.00 which allegedly arises out of the November 25, 2013 promissory note. (*See* Attached Exhibit "A").

7. **No Pending Complaints and Covenant Not to Sue.** Plaintiffs represent, warrant, and agree that they have not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any claims, claims, charges, or complaints against Defendants in any administrative, judicial, arbitral, or other forum, including any charges or complaints against Defendants with any international, federal, state or local agency charged with the enforcement of any law or any self-regulatory organization. Plaintiffs are not aware of any factual or legal basis for any legitimate claim that Defendants are in violation of any whistleblower, corporate compliance, false claims, or other regulatory obligation of Defendants under international, federal, state, or local law, rule, regulation, or Defendants' policy. Plaintiffs further represent, warrant, and agree that if they were ever aware of any such basis for a legitimate claim against Defendants, they informed Defendants of same.

Nothing in this Agreement shall prohibit or restrict Plaintiffs from filing a charge, testifying, assisting, or participating in any manner in an investigation, hearing or proceeding; responding to any inquiry or legal process; or otherwise communicating with, any administrative or regulatory agency or authority, including, but not limited to, the Securities and Exchange Commission (SEC), the U.S. Department of Health and Human Services or any of its constituent parts, the U.S. Department of Justice, the Equal Employment Opportunity Commission (EEOC), Florida Department of Transportation

(FDOT) and/or corresponding state agencies, and the National Labor Relations Board (NLRB). To the extent any lawsuits, arbitrations, claims, charges or complaints are filed against Defendants in any administrative, judicial, arbitral or other forum, including any charges or complaints against Defendants with any international, federal, state or local agency by Plaintiffs, a third party or otherwise, Plaintiffs expressly waive any claim or right to any form of monetary or other damages, bounty payment or any other form of recovery or relief in connection with any such proceeding.

8. <u>Non-Interference.</u> Nothing in this Agreement shall interfere with the Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission and/or the Florida Commission on Human Relations, or other federal or state regulatory or law enforcement agency. However, the consideration provided to Plaintiffs in this Agreement shall be the sole relief provided to Plaintiffs for the claims that are released by them herein and Plaintiffs will not be entitled to recover and agree to waive any monetary benefits or recovery against Defendants in connection with any such claim, charge or proceeding without regard to who has brought such Complaint or Charge.

9. <u>Payment of Applicable Taxes</u>. Plaintiffs are and shall be solely responsible for all federal, state, and local taxes that may be owed by Plaintiffs by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiffs agree to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiffs under this Agreement unless such liability is caused by an action or inaction of Defendants.

10. <u>Transfer of Claims</u>. The Parties represent and warrant they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. The Parties each agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

11. <u>No Future Employment.</u> Plaintiffs agree and recognize that their relationships with Defendants have been permanently and irrevocably severed. Plaintiffs hereby understand and agree that they will not be re-employed by Defendants or any of its related entities in the future and that Plaintiffs will never knowingly apply to for any job or position in the future. Plaintiffs agree that if they knowingly or unknowingly apply for a position and is offered or accepts a position with Defendants or its related entities, the offer may be withdrawn and Plaintiff may be terminated without notice, cause, or legal recourse.

12. <u>Neutral Reference</u>. If any prospective employer of Plaintiffs contacts Defendants regarding Plaintiffs, Defendants shall give a neutral reference, only indicating Plaintiffs' dates of employment, positions, and pay rates.

13. <u>Non-Disparagement and Incitement of Claims</u>. The Parties agree that they will not make or cause to be made any statements that disparage or damage the reputation of the Parties or their related entities. Plaintiffs also agree that they will not encourage or incite other current or former employees of Defendants to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against Defendants or its related entities.

14. <u>Plaintiffs Are Not Prevailing Party</u>. Plaintiffs shall not be considered a prevailing party for any purpose.

15. <u>Breach</u>. The Parties acknowledge that if either materially breaches or threatens to materially breach this Agreement, including but not limited to commencing a suit or action or complaint in contravention of this release and waiver of claims, the Parties' obligations to perform under this Agreement immediately shall cease and the aggrieved Party shall be entitled to all other remedies allowed in law or equity, specifically including liquidated damages. The prevailing party in such an action is entitled to attorneys' fees and costs. Plaintiffs and Defendants hereby expressly waive any and all right to a trial by jury with respect to any action, proceeding or other litigation resulting from or involving the enforcement of this Agreement or otherwise related to their employment with Defendants.

16. <u>Entire Agreement</u>. This Agreement contains the entire agreement and understanding between Plaintiffs and Defendants with respect to any and all disputes or claims that Plaintiffs have, or could have had, against Defendants as of the date this Agreement is executed, and supersedes all other agreements between Plaintiffs and Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Plaintiffs and Defendants.

17. <u>Severability</u>. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

18. **<u>Parties' Acknowledgement</u>. The Parties acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Plaintiffs also acknowledge: (a) that they have consulted with or have had the opportunity to consult with an attorney of their choosing concerning this Agreement and have been advised to do so by Defendants; and (b) that Plaintiffs have read and understand this Agreement, are**

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. **Execution.** This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____    Signature:_____
                         VINCENT THEDE

DATE:_____    Signature:_____
                         FREDDIE MINCEY

DATE:_____    Signature:_____
                         WILLIAM HURST

DATE:_____    Signature:_____
                         BARRY CLINE

DATE:_____    Signature:_____
                         VIRGIL BILL

DATE: 6-8-2015          Signature: _[signed]_
                         JASON HINKLE

DATE:_____    Signature:_____
                         AUTHORIZED REPRESENTATIVE OF D&B WATERBLASTING COMPANY, INC.

DATE:_____    Signature:_____
                         DONALD HESS JR.

WSACTIVELLP:7632849.1

8

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. **Headings.** The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. **Execution.** This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____        Signature:_____
                              VINCENT THEDE

DATE:_____        Signature:_____
                              FREDDIE MINCEY

DATE:_____        Signature:_____
                              WILLIAM HURST

DATE: 6-8-15                  Signature: /s/ Barry Cline
                              BARRY CLINE

DATE:_____        Signature:_____
                              VIRGIL BILL

DATE:_____        Signature:_____
                              JASON HINKLE

DATE:_____        Signature:_____
                              AUTHORIZED
                              REPRESENTATIVE OF D&B
                              WATERBLASTING COMPANY,
                              INC.

DATE:_____        Signature:_____
                              DONALD HESS JR.

WSACTIVELLP:7632849.1

8

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. <u>Execution</u>. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____  Signature:_____
                                VINCENT THEDE

DATE:_____  Signature:_____
                                FREDDIE MINCEY

DATE:_____  Signature:_____
                                WILLIAM HURST

DATE:_____  Signature:_____
                                BARRY CLINE

DATE: 06-08-2015              Signature: [signed]
                                VIRGIL BILL

DATE:_____  Signature:_____
                                JASON HINKLE

DATE:_____  Signature:_____
                                AUTHORIZED REPRESENTATIVE OF D&B WATERBLASTING COMPANY, INC.

DATE:_____  Signature:_____
                                DONALD HESS JR.

WSACTIVELLP:7632849.1

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. Headings. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. Execution. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____      Signature:_____
                          VINCENT THEDE

DATE: 6-9-2015            Signature: [signature]
                          FREDDIE MINCEY

DATE:_____      Signature:_____
                          WILLIAM HURST

DATE:_____      Signature:_____
                          BARRY CLINE

DATE:_____      Signature:_____
                          VIRGIL BILL

DATE:_____      Signature:_____
                          JASON HINKLE

DATE:_____      Signature:_____
                          AUTHORIZED
                          REPRESENTATIVE OF D&B
                          WATERBLASTING COMPANY,
                          INC.

DATE:_____      Signature:_____
                          DONALD HESS JR.

WSACTIVELLP:7632849.1

8

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. <u>Execution</u>. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____       Signature:_____
                           VINCENT THEDE

DATE:_____       Signature:_____
                           FREDDIE MINCEY

DATE: 6-9-2015             Signature: *William Hurst*
                           WILLIAM HURST

DATE:_____       Signature:_____
                           BARRY CLINE

DATE:_____       Signature:_____
                           VIRGIL BILL

DATE:_____       Signature:_____
                           JASON HINKLE

DATE:_____       Signature:_____
                           AUTHORIZED REPRESENTATIVE OF D&B WATERBLASTING COMPANY, INC.

DATE:_____       Signature:_____
                           DONALD HESS JR.

WSACTIVELLP:7632849.1

8

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. <u>Execution</u>. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE: 6-10-15                     Signature: *Vince Thede*
                                  VINCENT THEDE

DATE:_____              Signature:_____
                                  FREDDIE MINCEY

DATE:_____              Signature:_____
                                  WILLIAM HURST

DATE:_____              Signature:_____
                                  BARRY CLINE

DATE:_____              Signature:_____
                                  VIRGIL BILL

DATE:_____              Signature:_____
                                  JASON HINKLE

DATE:_____              Signature:_____
                                  AUTHORIZED REPRESENTATIVE OF D&B WATERBLASTING COMPANY, INC.

DATE:_____              Signature:_____
                                  DONALD HESS JR.

WSACTIVELLP:7632849.1

8

fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or Plaintiffs' Attorney's advice. Plaintiffs acknowledge that they has been given a reasonable time to consider the terms of this Agreement.

19. <u>Headings</u>. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

20. <u>Execution</u>. This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and emailed, shall be effective and binding as if it were the originally executed document.

DATE:_____  Signature:_____
                             VINCENT THEDE

DATE:_____  Signature:_____
                             FREDDIE MINCEY

DATE:_____  Signature:_____
                             WILLIAM HURST

DATE:_____  Signature:_____
                             BARRY CLINE

DATE:_____  Signature:_____
                             VIRGIL BILL

DATE:_____  Signature:_____
                             JASON HINKLE

DATE: 6/12/15             Signature: [signature]
                             AUTHORIZED
                             REPRESENTATIVE OF D&B
                             WATERBLASTING COMPANY,
                             INC.

DATE: 6/12/15             Signature: [signature]
                             DONALD HESS JR.

WSACTIVELLP:7670612.1

8